# CIRCUIT COURT OF BALTIMORE CITY

Filed May 4, 1892.

## IN THE TRUST ESTATE OF NICHOLSON & SON.

*William Pinkney Whyte* for petitioners.

*Wm. A. Fisher* and *Wm. A. Hammond* for trustees.

DENNIS, J.—

The firm of J. J. Nicholson & Sons having made a deed of trust for the benefit of creditors to Messrs. Carter & Aiken, the latter upon an *ex parte* petition asked this court to assume jurisdiction of the trust, and an order to that effect was accordingly passed. Messrs. Witz, Biedler & Co., have come into the case by petition, asking that the said trustees be directed to return to them certain commercial paper which had been placed by the petitioners in the hands of Nicholson & Sons for collection, or to pay over the proceeds of so much as had been collected; that this paper had been delivered to them for collection only, and hence the right of the true owners remained unaffected by the deed to the trustees. The trustees in their answer do not dispute the facts alleged, nor the legal effect thereof as urged by petitioners; but they show that since the making of the deed of trust to them various creditors of Nicholson & Sons have laid attachments in their hands as trustees, and they contend that under these circumstances they cannot with safety to themselves pay this money over without an order of court passed after these attaching creditors shall have first been made parties to these proceedings. I think the contention of the trustees must be allowed. A court of equity will never pass a decree to bind the interest of an absent party or a decree, which will require any one to part with property in his possession, unless the effect of compliance with the decree is to discharge him. Now the attaching creditors are not parties to this proceeding, and are in no wise bound by anything done in it, as it is altogether ex parte. National Park Bank vs. Lanahan, 60 Md.: so that if the court should now order the trustees to turn over the funds in question to the petitioners, such order would furnish no defence to the trustees in the attachment cases where the question must be tried whether these assets were properly subject to condemnation. There would seem to be no difficulty in making the attaching creditors parties to this suit, and if this is done and the facts set forth in the petition are proven, there can be no doubt that the petitioners will be entitled to recover the notes and drafts, or to follow the proceeds in the hands of the trustees; but until this is done, I think the trustees are clearly entitled to retain the assets in their hands until the attachment cases have been disposed of.